**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:25-cv-21115**

ZURU INC., and ZURU LTD.,

Plaintiffs,

v.

1616 HOLDINGS INC,

Defendant.

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiffs ZURU INC. and ZURU LTD., by and through their undersigned counsel, brings this complaint against Defendant 1616 HOLDINGS INC. who is promoting, selling, offering for sale and distributing goods bearing or using Plaintiffs' copyrighted works and registered patents without authorization, and in support of their claims, alleges as follows:

## SUMMARY OF THE ACTION

1. Plaintiffs ZURU INC. and ZURU LTD. (collectively, "ZURU" or "Plaintiff" or "Plaintiffs") bring this action for willful copyright infringement and piracy committed for purposes of commercial advantage or private financial gain by the reproduction or distribution, including by electronic means, of one or more copies of copyrighted works in violation of 17 U.S.C. §501, and for all the remedies available under the Copyright Act 17 U.S.C. § 101, et seq. 17 U.S.C. § 504.

2. ZURU brings this action for willful patent infringement under 35 U.S.C. § 271 committed in violation of the Plaintiff's exclusive rights to make, use, offer to sell, or sell

Plaintiff's patented invention, within the United States or for importation into the United States any patented invention during the term of the patent-in-suit, and for all the remedies available under 35 U.S.C. §§ 283, 284, and 285.

**SUBJECT MATTER JURISDICTION**

3. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338.

4. This court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the state law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

**PERSONAL JURISDICTION**

5. Defendant is subject to personal jurisdiction in this district because it avails itself of the laws of the State of Florida, and purposefully directs its activities toward and conducts business with consumers within the state of Florida and this district.

6. Defendant purposefully directs its activities toward and conduct business with consumers throughout the United States, including within the state of Florida and this district, by knowingly and intentionally distributing product for sale through the internet-based e-commerce store accessible in Florida at www.fivebelow.com, and the more than 1,700 Five Below retail stores across the U.S. including 174 Five Below retail stores located in Florida.

7. Five Below allows Florida residents to browse goods available and purchase them for direct shipping to their homes.

8. Defendant targets its business activities toward consumers throughout the United States, including within this district.

9. Five Below promotes sales of defendant's products on the internet to Florida residents.

10. Defendant secures direct financial benefit from purchases made by Florida residents.

11. A substantial part of Defendant's revenue derives from their sales to Florida customers.

12. Defendant is subject to personal jurisdiction in this district because their illegal activities directed towards the state of Florida cause Plaintiff injury in Florida, and Plaintiff's claims arise out of those activities, pursuant to Fla. Stat. § 48.193.

## VENUE

13. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(2) because Defendant is subject to the court's personal jurisdiction.

14. Venue is proper in this court pursuant to 28 U.S.C. § 1391 since Defendant is engaged in infringing activities and causing harm within this district by advertising, offering to sell, selling and/or shipping infringing products to consumers into this district.

15. Venue is proper in this court pursuant to 28 U.S.C. §1400(a) because Defendant or their agent(s) resides or may be found in this judicial district and therefore subject to the Court's personal jurisdiction.

## THE PLAINTIFFS

16. Plaintiff ZURU Inc. is a corporation incorporated under the law of the British Virgin Islands and a Hong Kong registered company with offices in Kowloon, Hong Kong. ZURU, Inc. is the U.S. exclusive licensee of all rights in and to the copyrights described below that are the subject of this action from its parent company ZURU (Singapore) PTE, Ltd.

17. Plaintiff ZURU LIMITED is a Hong Kong registered company with offices in Kowloon, Hong Kong. ZURU LIMITED is the exclusive licensee of all rights in and to the patents described below that are the subject of this action, from Lu Xiaoping.

18. ZURU is a disruptive and award-winning company that designs, manufactures and markets innovative toys and consumer products. Inspired by kids and imaginative play, ZURU is one of the fastest growing toy companies in the world and is known for their agility, creativity, and new-age manufacturing techniques. ZURU distributes to all major retailers in over 120 countries and has delighted millions of families all over the world with its extensive brand portfolio and partnerships with entertainment properties, including Nickelodeon, Disney, Universal Studios and Dream Works.

19. ZURU's products are sold through Amazon.com, Walmart.com, Target.com, Costco.com, Lowes.com, its own website https://zuru.com/, and other authorized retailers.

20. Plaintiff offers for sale and sells its products within the state of Florida, including this district, and throughout the United States.

21. Plaintiff is harmed, the consuming public is duped and confused, and the Defendant earns substantial profits in connection with the infringing conduct.

## PLAINTIFFS' INTELLECTUAL PROPERTY RIGHTS

### PLAINTIFFS' COPYRIGHT RIGHTS

22. Plaintiff ZURU, Inc. owns all exclusive rights in various copyrights for the ROBO Fish Products as the exclusive licensee of ZURU (Singapore) PTE., Ltd.

23. ZURU (Singapore) PTE, Ltd. registered with the U.S. Copyright Office a series of sculptures used with the ROBO Marks products in the United States, listed in the table below (hereinafter referred to as the "Copyrighted Works"). True and correct copies of the certificates of registration are attached hereto as part of Composite Exhibit 1.

| **Copyright Title and Description** | **Reg. No.** | **Reg. Date** | **Exhibit** |
|---|---|---|---|
| ROBOFISH BLUE (sculpture) | VA 2-253-394 | 5/26/2021 | 1A |
| ROBOFISH ORANGE (3d sculpture) | VA 2-248-953 | 4/20/2021 | 1B |

24. Exemplary images of the sculptures can be seen below.



25. On January 1, 2021, by written agreement, ZURU Inc. became the exclusive licensee in the U.S. of all rights in and to the Copyrighted Works.

26. At all relevant times Plaintiff is the exclusive licensee of all rights in and to the Copyrighted Works, including the exclusive right to pursue acts of infringement and retain and recover all proceeds thereof, at issue in this case.

27. The Copyrighted Works are protected by copyright but are not otherwise confidential, proprietary, or trade secret.

**PLAINTIFFS' PATENT RIGHTS**

28. ZURU Ltd. owns all right, title, and interests in, and/or has standing to sue for infringement of U.S. Patent No. 9,266,591 B2 entitled "DRIVING AND CONTROLLING METHOD FOR BIOMIMETIC FISH AND A BIOMIMETIC FISH," (the "'591 Patent"). The '591 Patent was issued on February 23, 2016, has not expired, is valid and the maintenance fees are current.

29. ZURU Ltd. owns all right, title, and interests in, and/or has standing to sue for infringement of U.S. Patent No. 9,702,380 B2 entitled "DRIVING AND CONTROLLING METHOD FOR BIOMIMETIC FISH AND A BIOMIMETIC FISH" (the "'380 Patent"). The '380 Patent is a continuation of the '591 Patent. The '380 Patent was issued on July 11, 2017, has not expired, is valid and the maintenance fees are current.

30. Generally, the '591 Patent and the '380 Patent (collectively, the "ROBO FISH Patents") relate to aquatic fish toys, and more specifically the method of driving and controlling the aquatic fish toys when they are placed in water.

31. On April 17, 2014, by written agreement, Plaintiff ZURU Ltd became the exclusive licensee in the U.S. of all rights in and to the ROBO FISH Patents including enforcement and all future rights.

32. The ROBO FISH Patents relate to a biomimetic fish with a watertight body portion. The body portion contains a battery electrically connected via a controller to at least one coil. The coil is positioned relative to a magnet and the coil can be caused to oscillate by virtue of a controller defined alternating current passing through the coil. The oscillation of the coil causes movement of a tail fin that is engaged to said watertight body to cause the fish to move forward through a body of water. True and correct copies of the patent registrations for the ’591 Patent and the ’380 Patent are attached hereto as Composite Exhibit 2.

33. Previous biomimetic fish had complicated mechanisms and there was a need for simplicity in constructing an aquatic fish toy (biomimetic fish) that does not need assembly of a large number of parts to affect the tail movements. There was also a need in describing how such a toy can be made to descend in a body of water, which is described in the ROBO FISH Patents.

34. Plaintiff has never granted authorization to anyone to import, make, use, or sell goods using Plaintiff's ROBO FISH Patents.

35. At all times relevant, Plaintiff complied with the federal patent marking statute, 35 U.S.C. § 287(a), as shown below and in Exhibit 3 attached hereto.






**DEFENDANT**

36. 1616 Holdings, Inc. is a Pennsylvania Corporation incorporated under the laws of Pennsylvania with its principal place of business at 701 Market Street Suite 300 Philadelphia, PA 19106, and can be served by serving its Registered Agent CSC Lawyers Incorporating Service, 2170 Gateway Oaks DR STE 150, N. Sacramento, CA 95833.

**INFRINGEMENT BY DEFENDANT**

37. Defendant is promoting, advertising, distributing, selling, and/or offering for sale infringing goods in interstate commerce using exact copies and confusingly similar copies of the Copyrighted Works (the "Infringing Goods") and practicing the ROBO FISH Patents available on the website at www.fivebelow.com (the "Website") and in the over 1,700 Five Below retail stores across the United States as evidenced by the documents attached hereto as Exhibit 4.

38. Defendant has never been authorized to use the Copyrighted Works or patents at issue in this action for any purpose.

39. On a date after the Copyrighted Works and patents at issue in this action were created, but prior to the filing of this action, Defendant copied, displayed, manufactured, and distributed products that bear or use the Copyrighted Works and ROBO FISH Patents without permission, license or consent.

40. In or about November 2024, ZURU discovered the unauthorized use of the Copyrighted Works and ROBO FISH Patents on the Website.

41. Defendant has been selling toy items, specifically aquatic fish toys (orange and blue) that copy and display ZURU's Copyrighted Works and ROBO FISH Patents without authorization through the Website and Five Below retail stores.

42. Defendant offered for sale and sold aquatic fish that are identical or near identical to the Copyrighted Works and the ROBO FISH Patents, specifically the blue and orange aquatic fish toys, on the Website to customers in the course and scope of their business, making profits from their commercial activities.

43. Defendant committed copyright infringement of the Copyrighted Works and patent infringement of the ROBO FISH Patents as evidenced by the documents attached hereto as Exhibit 4.

44. ZURU never gave Defendant permission or authority to copy, distribute or display the Copyrighted Works.

45. ZURU never gave Defendant permission or authority to practice, manufacture, or use the ROBO FISH Patents.

46. Defendant has sold their infringing products in competition directly with Plaintiff's genuine products.

47. Plaintiff should not have any competition from the Defendant because Plaintiff never authorized Defendant to use Plaintiffs' Copyrighted Works and the ROBO FISH Patents.

48. Defendant's Infringing Goods practice at least claim 1 of the ROBO FISH Patents.

49. Attached hereto as Exhibit 5 is a claim chart illustrating that the defendant's product infringes at least claim 1 of the ROBO FISH Patents.

50. Plaintiff has no adequate remedy at law.

## COUNT I - COPYRIGHT INFRINGEMENT

51. Plaintiff incorporates the allegations of paragraphs 1 through 50 of this Complaint as if fully set forth herein.

52. Plaintiff is the exclusive licensee of the Copyrighted Works at issue in this case.

53. Defendant copied, displayed, and distributed products with the Copyrighted Works at issue in this case and made derivatives of the Copyrighted Works without Plaintiff's authorization in violation of 17 U.S.C. § 501.

54. Defendant performed the acts alleged in the course and scope of its business activities.

55. Defendant infringed Plaintiff's intellectual property rights, acting with willful blindness and/or reckless disregard.

56. Defendant's acts were willful.

57. Plaintiff has been damaged.

58. The harm caused is irreparable.

**COUNT II - PATENT INFRINGEMENT**

59. Plaintiff incorporates the allegations of paragraphs 1 through 50 of this Complaint as if fully set forth herein.

60. Plaintiff owns all right, title, and interests in the ROBO FISH Patents, claiming the technical and functional features of its the ROBO FISH Patents' aquatic fish toys.

61. Within the six years preceding the filing of this Complaint, Defendant is making, using, selling, importing and/or offering to sell products which infringe directly or indirectly of the ROBO FISH Patents both literally and under the doctrine of equivalents.

62. Defendant has infringed the ROBO FISH Patents and will continue to do so unless enjoined by this Court.

63. Defendant's wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from manufacturing,

distributing, selling, offering for sale, and/or importing the patented inventions as well as the loss of sales stemming from the infringing acts.

64. Defendant's infringement, contributory infringement and/or inducement to infringe has injured Plaintiffs and is, therefore, entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

65. Defendant's infringement, contributory infringement and/or inducement to infringe has been willful and deliberate because Defendant had notice of or knew of the ROBO FISH Patents and has nonetheless injured and will continue to injure Plaintiffs, unless and until this Court enters an injunction, which prohibits further infringement and specifically enjoins further manufacture, use, sale, importation and/or offer for sale of products that come within the scope of the ROBO FISH Patents.

**COUNT III – FLORIDA DECEPTIVE OR UNFAIR TRADE PRACTICES ACT**

66. Plaintiff incorporates the allegations of paragraphs 1 through 50 of this Complaint as if fully set forth herein.

67. The Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") broadly declares that "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce" are unlawful. Fla. Stat., § 501.204(1).

68. Defendant promoted, advertised, distributed, sold and offered for sale goods that are virtually identical to Plaintiff's goods under its own brand name.

69. Specifically, the defendant promoted, advertised, sold, and offered for sale aquatic fish toys (orange and blue) that are identical to Plaintiff's aquatic fish toys.

70. Through the actions described above, defendant made false and misleading descriptions and representations of fact about the aquatic fish toys that are identical or near identical to Plaintiff's aquatic fish toys and are selling in Florida in violation of FDUTPA.

71. The defendant's activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of the defendant's goods.

72. The defendant's activities complained of herein constitute deceptive or unfair acts or practices.

73. Plaintiff has no adequate remedy at law and are suffering irreparable injury and damages as a result of the defendant's actions.

WHEREFORE, Plaintiff demands judgment on all Counts of this Complaint and an award of equitable relief and monetary relief against Defendants as follows:

a. Entry of temporary, preliminary, and permanent injunctions pursuant to 17 U.S.C § 502 and 503 and Federal Rule of Civil Procedure 65 from copying, displaying, distributing, or creating derivative works of Plaintiff's registered copyrights.

b. Entry of temporary, preliminary, and permanent injunctions pursuant to 35 U.S.C. § 271 and Federal Rule of Civil Procedure 65 enjoining Defendants, its agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising, or promoting, distributing, selling, or offering to sell their infringing goods using Plaintiff's ROBO FISH Patents.

c. Entry of a Temporary Restraining Order, as well as preliminary and permanent injunctions pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's

inherent authority, enjoining Defendant and all third parties with actual notice of the injunction issued by this Court from participating in, including providing financial services, technical services or other support to, Defendant in connection with the sale and distribution of non-genuine goods using infringements of the Copyrighted Works, that copy, display, distribute or use derivative works of Plaintiff's registered copyrights.

d. Entry of an order authorizing seizure, impoundment and/or destruction of all of the products used to perpetrate the infringing acts pursuant to 17 U.S.C. § 503.

e. Entry of an Order requiring Defendant to account to and pay Plaintiffs for all profits and damages resulting from Defendant's copyright infringement, or statutory damages (at Plaintiffs' election), for all infringements involved in the action, with respect to any one work, for which Defendant is liable for, in a sum of not less than $750 or more than $30,000 as the Court considers just pursuant to 17 U.S.C. §504(c)(1), or to the extent the Court finds that infringement was committed willfully, an award of statutory damages to a sum of not more than $150,000 per violation, pursuant to 17 U.S.C. §504(c)(2).

f. Entry of an Order requiring Defendant to account to and pay Plaintiffs' damages for patent infringement in an amount to be determined by the Court pursuant to 35 U.S.C. § 284 which shall in no event be less than a reasonable royalty.

g. Entry of an award pursuant to 17 U.S.C. § 505 of Plaintiffs' costs and reasonable attorneys' fees and investigative fees, associated with bringing this action, including the cost of corrective advertising.

h. Entry of an award pursuant to 35 U.S.C. § 285 of Plaintiffs' reasonable attorney's fees.

i. Entry of an award pursuant to the Florida Deceptive and Unfair Trade Practices Act § 501.2105, Fla. Stat. for the sum of reasonable costs incurred in the action plus a reasonable legal fee for the hours actually spent on the case as sworn to in an affidavit.

j. Entry of an award of pre-judgment interest on the judgment amount.

k. Entry of an Order for any further relief as the Court may deem just and proper.

DATED: March 10, 2025

Respectfully submitted,

*/s/ Joel B. Rothman*

JOEL B. ROTHMAN
Florida Bar Number: 98220
Joel.rothman@sriplaw.com
ANGELA M. NIEVES
Florida Bar Number: 1032760
Angela.nieves@sriplaw.com
RACHEL I. KAMINETZKY
Florida Bar Number: 1059614
rachel.kaminetzky@sriplaw.com

**SRIPLAW, P. A.**
21301 Powerline Road
Suite 100
Boca Raton, FL 33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiffs ZURU Inc., ZURU Ltd.*

,